IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DELLA L. GRAY, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *    CIVIL ACTION NO. 15-00522-B |
| | * |
| NANCY BERRYHILL,[1] | * |
| Acting Commissioner of Social | * |
| Security, | * |
| | * |
| Defendant. | * |

## ORDER

Plaintiff Della L. Gray (hereinafter "Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 216(i) and 223(d). On October 28, 2016, the parties consented to have the undersigned conduct any and all proceedings in this case. (Doc. 17). Thus, the action was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Upon careful consideration of the administrative record and the memoranda of the parties, it is hereby **ORDERED**

---

[1] Nancy Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Nancy Berryhill should be substituted for Carolyn W. Colvin as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

that the decision of the Commissioner be **REVERSED and REMANDED** for further proceedings not inconsistent with this decision.

I. <u>**Procedural History**</u>[2]

Plaintiff filed her application for benefits on November 12, 2012, alleging disability beginning May 24, 2012, based on fibromyalgia, anxiety, depression, obesity, back injuries, and arthritis in the arms, upper and lower back, neck, hands and fingers. (Tr. 132, 166). Plaintiff's application was denied and upon timely request, she was granted an administrative hearing before Administrative Law Judge Renee Blackmon Hagler (hereinafter "ALJ") on February 3, 2014. (<u>Id.</u> at 30). Plaintiff attended the hearing with her counsel and provided testimony related to her claims. (<u>Id.</u> at 31-49). A vocational expert ("VE") also appeared at the hearing and provided testimony. (<u>Id.</u> at 49-51). On April 21, 2014, the ALJ issued an unfavorable decision finding that Plaintiff is not disabled. (<u>Id.</u> at 12-24). The Appeals Council denied Plaintiff's request for review on September 24, 2015. (<u>Id.</u> at 4-7). Therefore, the ALJ's decision dated April 21, 2014, became the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff timely filed the present civil action. (Doc. 1). The parties

---

[2] The Court's citations to the transcript in this order refer to the pagination assigned in CM/ECF, not the page numbers assigned by the Agency.

waived oral argument on October 28, 2016 (Doc. 16) and agree that this case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II.  Issues on Appeal

1. **Whether the ALJ erred in rendering a physical residual functional capacity ("RFC") assessment that is inconsistent with the medical evidence of record, and lacks an articulated linkage between it and the evidentiary record?**

2. **Whether the ALJ erred in failing to properly assess the credibility of Plaintiff?**

3. **Whether the ALJ erred in failing to order a consultative orthopedic examination to better determine Plaintiff's physical capabilities?**

## III. Factual Background

Plaintiff was born on February 17, 1968, and was forty-five years of age at the time of her administrative hearing on February 3, 2014.  (Tr. 33).  Plaintiff reported that she is stands 5 '5 and weighs 308 pounds. (Id. at 34). Plaintiff graduated from Phoenix University with an Associate's Degree in Healthcare Administration. (Id.).

Plaintiff last worked in 2012 as a certified nursing assistant.[3]  (Id. at 182).  Her past work also includes being a housekeeper.  (Id. at 36). At the hearing, Plaintiff testified

---

[3] Plaintiff's last day of work was May 15, 2012, but she was paid short-term disability until November.  (Tr. 35).

3

that she has not worked since May 17, 2012 due to back problems which makes it difficult for her to sit or stand for extended periods of time. (Id. at 37). According to Plaintiff, she feels best when she is lying down. (Id.) Plaintiff also testified that although she had two back surgeries in 2012, she still experiences back pain, and that while her pain medicine helps, it has not eliminated her back pain. (Id. at 37-40). Plaintiff also testified that she suffers from fibromyalgia, arthritis in her shoulder and depression. (Id.)

### IV. Standard of Review

In reviewing claims brought under the Act, this Court's role is a limited one.  The Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct legal standards were applied.[4] Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).  A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner.  Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986).  The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (holding substantial evidence is

---

[4] This Court's review of the Commissioner's application of legal principles is plenary. Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

defined as "more than a scintilla, but less than a preponderance" and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable, as well as unfavorable, to the Commissioner's decision. Chester v. Bowen, 792 F. 2d 129, 131 (11th Cir. 1986); Short v. Apfel, 1999 U.S. Dist. LEXIS 10163, *4 (S.D. Ala. June 14, 1999).

**V.    Statutory And Regulatory Framework**

An individual who applies for Social Security disability benefits must prove his or her disability. 20 C.F.R. §§ 404.1512, 416.912. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); see also 20 C.F.R. §§ 404.1505(a), 416.905(a). The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven his disability. 20 C.F.R. §§ 404.1520, 416.920.

The claimant must first prove that he or she has not engaged in substantial gainful activity. The second step requires the

5

claimant to prove that he or she has a severe impairment or combination of impairments. If, at the third step, the claimant proves that the impairment or combination of impairments meets or equals a listed impairment, then the claimant is automatically found disabled regardless of age, education, or work experience. If the claimant cannot prevail at the third step, he or she must proceed to the fourth step where the claimant must prove an inability to perform their past relevant work. Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986). At the fourth step, the ALJ must make an assessment of the claimant's RFC. See Phillips v. Barnhart, 357 F. 3d 1232, 1238 (llth Cir. 2004). The RFC is an assessment, based on all relevant medical and other evidence, of a claimant's remaining ability to work despite her impairment. See Lewis v. Callahan, 125 F. 3d 1436, 1440 (llth Cir. 1997).

If a claimant meets his or her burden at the fourth step, it then becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work history. Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985). If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability to perform those jobs in order to be found disabled. Jones v. Apfel, 190 F.3d 1224,

6

1228 (11th Cir. 1999). See also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985)).

## VI. Discussion

In the case *sub judice*, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since May 24, 2012, the alleged onset date, and that she has the severe impairments of laminectomy[5] with residual problems, depression, obesity, and essential hypertension.[6] (Tr. 16). According to the ALJ, Plaintiff's laminectomy with residual problems is not characterized by nerve root compression, spinal arachnoiditis or spinal stenosis. The ALJ next determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the listed impairments contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id. at 17-18).

The ALJ further concluded that Plaintiff retains the residual functional capacity (hereinafter "RFC") to perform less than the full range of light work as defined in 20 C.F.R. 404.1567(b), with the following limitations: Plaintiff can sit

---

[5] A laminectomy is a surgical procedure in which the posterior arch of a vertebra is removed. Laminectomy is done to relieve pressure on the spinal cord or on the nerve roots that emerge from the spinal canal. The procedure may be used to treat a slipped or herniated disc or to treat spinal stenosis. www.medicinenet.com.

[6] The ALJ found that Plaintiff's claim of fibromyalgia does not represent a medically determinable impairment. (Tr. 17-18).

7

for at least six hours in an eight-hour workday. She can stand and walk, in combination, at least six hours in an eight-hour workday. She can occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl. She cannot claim ladders, ropes, and scaffolds. She must avoid work at unprotected heights. She can perform simple tasks with short, simple instructions. She is limited to occasional contact with the public. (Id. at 18). The ALJ also determined that while Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of the alleged symptoms were not entirely credible for the reasons explained in the decision. (Id. at 19)

    The ALJ found that based upon these restrictions, Plaintiff is unable to do her past relevant work as a certified nursing assistant and a housekeeper. (Id. at 22). However, utilizing the testimony of a VE, the ALJ concluded that considering Plaintiff's RFC for less than a full range of light work, as well as her age, education, and work experience, there are still jobs existing in the national economy that Plaintiff is able to perform, such as "odd piece checker", "car checker", and "garment sorter." (Id. at 23). Thus, the ALJ concluded that Plaintiff is not disabled.

    As noted supra, Plaintiff presents three issues for the Court's review. Having found herein that Plaintiff's first

asserted error requires remand to the Commissioner, the Court pretermits its discussion of the remaining claims.

In her brief, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence due to the absence of a medical source statement or a functional assessment capacity. (Doc. 13). The Commissioner counters that the ALJ's decision, and RFC finding, is supported by substantial record evidence. (Doc. 14). Upon a review of the ALJ's decision, and the record evidence, the undersigned finds that in light of Plaintiff's history of back problems, including two back surgeries, post surgery epidural, pain medication including Lortab and Flexeril, ongoing complaints of pain, coupled with her obesity, the ALJ's RFC determination is not supported by substantial evidence because the record does not include a functional capacities evaluation completed by a physician.

The RFC is the most that a claimant can do despite his limitations. See 20 C.F.R. § 404.1545(a)(1). The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence and medical source statements. Id. The determination of the RFC is within the authority of the ALJ. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). In making an RFC assessment, an ALJ "'has a duty to develop the record where

9

appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision.'" Castle v. Colvin, 557 Fed. Appx. 849, 853 (11th Cir. 2014)(quoting Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1269 (11th Cir. 2007)); Green v. SSA, 223 Fed. Appx. 915, 923-24 (11th Cir. 2007)(unpublished)(the Eleventh Circuit affirmed the district court's finding that the ALJ's RFC assessment was supported by substantial evidence, even in the absence of an RFC assessment by a treating or examining medical source, where the ALJ had good cause to discredit the treating physician's opinion and had formulated the plaintiff's RFC based on the treatment records and the plaintiff's testimony); see also Packer v. Astrue, 2013 U.S. Dist. LEXIS 20580, *7, 2013 WL 593497, *2 (S.D. Ala. February 14, 2013) (the fact that no treating or examining medical source submitted a physical capacities evaluation "does not, in and of itself, mean that there is no medical evidence, much less no 'substantial evidence,' to support the ALJ's decision.").

In Castle, the plaintiff alleged that a problem with his knee kept him from working, and upon review, the district court held that while the ALJ had good cause for rejecting the treating physician's RFC assessment, he erred in not ordering a consultative examination because the record contained no medical opinion regarding the RFC after the rejection of the RFC

assessment completed by the treating physician. On appeal, the Eleventh Circuit held that the ALJ's RFC determination was supported by substantial evidence and pointed to the following: 1) the claimant's lack of treatment for his knee problems; 2) the claimant's denial of musculoskeletal issues; 3) the claimant's weekly regiment which sometimes included mowing the yard for four hours; and 4) the fact that the claimant's physicians had released him without work restrictions. Castle, 557 Fed. Appx. at 853. Castle, like Packer and Green, illustrates the type of case in which no physician's physical capacities evaluation was needed because so little physical impairment was involved that the effect would have been apparent to a lay person. See Manso-Pizarro v. Secretary of Health & Human Servs., 76 F. 3d 15, 19 (1st Cir. 1996). Where however, "the alleged physical impairments are broad, complex and/or ongoing", a physicians' evaluation is required. Rogers v. Barnhart, 2006 U.S. Dist. LEXIS 101120, *6 (N.D. Ala. Oct. 16, 2006).

As noted, the records in this case reflect that Plaintiff underwent two back surgeries in 2012. (Id. at 302, 312). The ALJ reviewed the treatment records and concluded that the records are not "indicative of ongoing, disabling symptoms, since following a second surgery [plaintiff] has received medication management" and that her "decreasing complaints after she underwent a second surgical intervention for her back pain indicate her condition

11

improved." (Id. at 20-21). According to the ALJ, on October 3, 2012, two months post-surgery, Plaintiff had a positive straight raise leg test on the left, 5/5 strength in her lower extremities, and an antalgic gait on the left side. (Id. at 20, 351). The ALJ noted that after this date, there is no notation of an ambulatory aid or antalgic gait. (Id. at 21). The ALJ further noted that on October 11, 2012, a nerve study showed no clear active evidence of lumbar radiculopathy, that Plaintiff's medications included Lortab 5, fish oil, Dulera, Cipro, Levothyroxine, Lortab 7.5, and Medrol. (Id. at 20, 21, 341), and that Plaintiff received a lumbar epidural October 17, 2012. (Id. at 21, 390, 398).

Additionally, the ALJ noted that in 2013, Plaintiff had five visits to the Franklin Health Clinic ("Franklin"). (Id. at 21, 390, 398, 421-422, 424-425, 427-429, 437). While the ALJ correctly notes that back pain was not listed in the history of present illnesses in the Franklin treatment records dated September 23 and November 14, the Franklin records do reflect that Plaintiff continued to complain about back pain in 2013 and she was prescribed pain medication. (Id. at 421-439).

For example, the Franklin notes dated June 11, 2013 reflect that Plaintiff complained of hypertension and acute joint pain, which was said to be 8/10 on a numeric pain scale. (Id. at 427). A review of her musculoskeletal system was positive for back and

12

joint pain on that date, though it was negative for joint weakness, muscle weakness, and neck pain. (Id. at 427). The recommended plan on that date was a procedure at L4-L5, and to continue to control the pain with Lyrica. (Id. at 429). Plaintiff's next visit was on September 12, 2013. Plaintiff complained of aching, radiating back pain, 9/10 on a numeric pain intensity scale, and on that date Plaintiff was told to continue on her pain medication. (Id. at 424-425). A review of her musculoskeletal system on that date was positive for back and joint pain. (Id. at 425). Plaintiff returned to Franklin 11 days later for hypertension, an abnormal lab, and hypothyroidism. A physical exam of her musculoskeletal system was noted as normal, although she reported pain of 8/10 on a numeric pain intensity scale. (Id. at 421-422). The treatment notes from November 14, 2013 indicate that Plaintiff was treated for hypertension, and that a review of the musculoskeletal system was negative. (Id. at 437). The notes further reflect that in addition to hypertension, Plaintiff was diagnosed with displacement of her intervertebral disc and obesity, and was prescribed pain medication.[7]

While this medical evidence suggests that Plaintiff may have experienced some degree of improvement in her back pain following

---

[7] The notes also reflect that Plaintiff was receiving conventional pain treatment ("CPT") because she was not able to follow up with neurology or neurosurgery due to the lack of insurance. (Id. at 437).

13

her second surgery and the epidural, the evidence also reflects that Plaintiff was continuing to experience issues with the pain in her back, and continued on pain medication regiment as a result.  In light of Plaintiff's history of two back surgeries and ongoing treatment for back pain, along with her obesity and testimony regarding her limited activities, the undersigned finds that under the facts of this case, the ALJ was required to obtain a functional physical assessment as the medical evidence does not suggest a relatively little physical impairment.  See McCright v. Colvin, 2014 U.S. Dist. LEXIS 50305, *15 (N.D. Ala. April 11, 2014)("when an ALJ makes an RFC determination about a claimant who… has a complex medical history and suffers from several severe impairments, [the ALJ] should have the benefit of a supporting medical source statement or a physical capacities evaluation from an examining physician.  Without [such], [the ALJ] risks substituting his own [] judgment for that of a physician."); Palmore v. Colvin, 2014 U.S. Dist. LEXIS 95912 (N.D. Ala. July 15, 2014)(Although the ALJ found and the record demonstrated that the claimant's impairments were controlled with medication, without a physical capacities assessment from a medical source, the ALJ was not in a position to determine whether the claimant could work despite his impairments — regardless of whether or not the were controlled.)  Accordingly, this matter is due to be reversed and remanded so that a physical

capacities evaluation can be completed prior to conducting an RFC analysis.

**VII. Conclusion**

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff's claim for disability and disability insurance benefits be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings not inconsistent with this decision.[8]  See Melkonyan v. Sullivan, 501 U.S. 89 (1991).

**DONE** this **31st** day of **March, 2017.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**

---

[8] The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, and terminates this Court's jurisdiction over this matter.  See Shalala v. Schaefer, 509 U.S. 292 (1993).

15